### J. ROSENBLOOM v. E. I. SINKOE.

(Filed 16 December, 1936.)

**Contracts § 25b: Brokers and Factors § 8—Action held for breach of contract entitling plaintiff to recover selling price agreed upon by parties.**

Plaintiff contended that he left certain personal property with defendant under a contract by which defendant agreed to sell the property upon commission at a price not less than that agreed upon, and that defendant had sold the property and failed to account to plaintiff. The record disclosed that the case was tried upon the theory of breach of the express contract alleged in the complaint. *Held:* Under the theory of trial, the measure of damages was the price agreed upon by the parties for the sale of the property, plaintiff being entitled to be put in the position he would have been in if the contract had been performed, and defendant's contention that the damages should be measured by the rule governing damages for breach of contract by a factor by selling at a price less than that stipulated cannot be sustained.

APPEAL by the defendant from *Harding, J.,* at February Term, 1936, of MECKLENBURG. No error.

This was a civil action wherein the plaintiff sued the defendant to recover damages alleged to have been caused by a breach of contract in selling certain machinery for a price less than that agreed upon by the parties when the machinery was left with the defendant by the plaintiff for the purpose of sale; and for selling a certain bench and tools left with the defendant by the plaintiff without authority to make a sale thereof.

The plaintiff alleged that the defendant agreed to store the machinery without charge and to sell it for the plaintiff at not less than the minimum prices marked thereon, amounting to $945.00, for a commission of 10 per cent; and that the defendant further agreed to store and hold the bench and tools without charge; and that the defendant has sold both the machinery and the bench and tools and has failed to account to the plaintiff, notwithstanding demand for settlement has repeatedly been made by the plaintiff upon the defendant.

The defendant denied that he made the agreement or contract alleged by the plaintiff.

The issues submitted and answers made thereto were as follows:

"1. Did the plaintiff and defendant enter into a contract whereby plaintiff would deliver to the defendant machinery, as set out in the complaint, and defendant was to sell the same at a price not less than the amount set out in the complaint, as alleged, and charge ten per cent commission for such sale, as alleged? Answer: 'Yes.'

"2. Did defendant breach the said contract? Answer: 'Yes.'

"3. What damage, if any, is plaintiff entitled to recover of defendant by reason of the breach, as alleged? Answer: '$945.00.'

"4. Did defendant wrongfully sell and dispose of the bench and miscellaneous tools of the plaintiff, as alleged?   Answer: 'Yes.'

"5. What damage, if any, is plaintiff entitled to recover of defendant for such wrongful sale?   Answer: '$25.00.'"

From a judgment that the plaintiff have and recover of the defendant the sum of $970.00, the defendant appealed, assigning errors.

*Guthrie, Pierce & Blakeney for plaintiff, appellee.*
*Fred B. Helms for defendant, appellant.*

SCHENCK, J.   The plaintiff introduced evidence from which the jury might have found that the defendant agreed to store and to sell the machinery at not less than the prices marked on the individual articles, aggregating $945.00, for a commission of 10 per cent, and further, that the defendant agreed to store the bench and tools. The defendant, on the contrary, introduced evidence from which the jury might have found that no such agreement was made, and that the machinery and the bench and tools were left with the defendant by the plaintiff as security for loans made to the plaintiff by the defendant, with the understanding that if said loans were not paid within a reasonable time the property should be sold and proceeds applied on said loans, and that after two years or more the property was so sold and the proceeds of the sale so applied.

The jury, after hearing the evidence, answered the issues in favor of the plaintiff, as hereinbefore set forth.

The exceptions principally urged on appeal are those which assail the charge of the court upon the third issue relative to the measure of damage. His honor held and charged the jury to the effect that if they answered the first and second issues in favor of the plaintiff their answer to the third issue would be the price at which the defendant agreed to sell the machinery. The only evidence relating to the price at which the defendant agreed to sell the machinery was that of the plaintiff, since the defendant denied the existence of any such agreement. The jury answered the issue in accord with the contention of the plaintiff, namely, $945.00.

It is the contention of the defendant that the measure of damage was the market value of the machinery, and not the price at which the defendant agreed to sell it, in the event that the jury found he agreed to sell it.

While there is a diversity of holdings in the different jurisdictions in cases between principals and factors, particularly where principals are in default to their factors, as to whether the measure of damage for the breach of the contract to sell, by selling at a lower price than stipulated, is the difference between the price at which the sale was made and the market value of the property sold, or, is the difference between the price

CHAMBLEE *v.* BANK.

at which property is sold and the price stipulated, this case was not tried upon the theory involved in such cases.

This case was tried upon the theory of a breach of the expressed contract alleged in the complaint to the effect that the defendant would sell the machinery at not less than the price agreed upon. This is apparent from the following excerpt from the record: "At this point counsel for plaintiff, upon being questioned by the court, announced that the plaintiff elected to and would rely solely upon the expressed contract, as alleged in the complaint as to all of the items referred to in the complaint, except as to the bench and tools."

The plaintiff was entitled to be put in the position he would have been in if the contract had been performed. *Newby v. Realty Co.,* 180 N. C., 51; *Machine Co. v. Tobacco Co.,* 141 N. C., 284. "For the injury caused by the nonperformance of most contracts the primary if not the only remedy of the injured party is an action for damages for the breach. In fixing the amount of these damages, the general purpose of the law is, and should be, to give compensation—that is, to put the plaintiff in as good a position as he would have been in had the defendant kept his contract." Williston on Contracts, Vol. 3, sec. 1338, p. 2392. Therefore, we think, and so hold, that his Honor was correct when he ruled and charged that the measure of damage was the price agreed upon by the parties.

We have examined the other assignments of error relating both to the admission and exclusion of evidence and to the charge. Most of these are disposed of by the disposition made of those assailing his Honor's ruling upon the measure of damage. Those assignments of error relating to the market value of the machinery, even if well taken, are harmless, since the market value was immaterial under the theory upon which the case was tried. The other assignments of error have been examined by us and we have found in them

No error.